## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| GIACOMO LAUDICINA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action: 3:21-cv-1646 |
| | § | |
| EQUIFAX INFORMATION | § | With Jury Demand Endorsed |
| SERVICES LLC and NATIONSTAR | § | |
| MORTGAGE LLC, | § | |
| | § | |
| Defendants. | § | |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Plaintiff, Giacomo Laudicina ("Plaintiff"), by and through counsel, for his Complaint against Defendants, Equifax Information Services LLC and Nationstar Mortgage LLC, jointly, severally, and in solido, states as follows:

### I.   INTRODUCTION

1.      One of the Defendants is, consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f), and Defendant, Nationstar Mortgage LLC is a furnisher of consumer information. All Defendants have violated 15 U.S.C. § 1681 *et seq.*, known as the Fair Credit Reporting Act (the "FCRA"). Plaintiff seeks to recover from Defendants actual, statutory, and punitive damages, injunctive relief, legal fees, and expenses.

## II.  PARTIES

2.      Plaintiff, Giacomo Laudicina, is a natural person residing in Mecklenburg County, North Carolina, is a "consumer," as defined by the FCRA, 15 U.S.C. § 1681a(c)**,** and is a victim of repeated false credit reporting.

**Made Defendants herein are**:

3.      Upon information and belief, Defendant Equifax Information Services LLC, which may also hereinafter be referred to as "Equifax," "Defendant," "Defendants," "CRA," "CRA Defendant," or "CRA Defendants" is a Georgia limited liability company that does substantial business in this judicial district and may be served by delivering a summons to its headquarters, 1550 Peachtree Street, Northwest, Atlanta, Georgia 30309.  Equifax is a nationwide consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f). Equifax regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing "consumer reports" as defined by 15 U.S.C. § 1681a(f) to third parties. Equifax disburses such consumer reports to third parties of contract for monetary compensation.

4.      Upon information and belief, Defendant Nationstar Mortgage LLC or Mr. Cooper, which may also hereinafter be referred to as "Nationstar," "Defendant," "Defendants," "Furnisher Defendant," or "Furnisher Defendants," is a Delaware limited liability company that does substantial business in this judicial district and may be served by delivering a summons to its Legal Department at its headquarters, 8950 Cypress Waters Blvd., Coppell, Texas 75019. Nationstar is a "person," as defined by the FCRA, 15 U.S.C. § 1681a(b), and a furnisher of consumer credit information to consumer reporting agencies.

5.      As used herein, "consumer reporting agency," or "CRA," means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports (commonly referred to as "credit reports") to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports and is an entity in the business of collecting, maintaining and disseminating information regarding the credit-worthiness of individuals. CRAs specifically include, but are not limited to, Equifax.

## III.  JURISDICTION AND VENUE

6.      Plaintiff respectfully asserts that this Honorable Court has jurisdiction in this case arises under federal law. 28 U.S.C. § 1331, 1334, and 1367 and 15 U.S.C. § 1681(p). Plaintiff also asserts actions under states' laws which may be brought within the supplemental jurisdiction of this Court and Plaintiff respectfully requests that this Honorable Court exercise supplemental jurisdiction over said claims. 28 U.S.C. § 1367.

7.      Venue is proper in this District, because CRA Defendants and Nationstar transact business in this District. Nationstar's headquarters is located in this judicial district, a substantial part of the conduct complained of occurred in this district, and various actions made basis of Plaintiffs' claims against Defendants occurred in the Northern District of Texas as further described. 28 U.S.C. § 1391.

8.    Venue is further proper in this District, because CRA Defendants entered into agreements with Nationstar in this judicial district to receive credit reporting data concerning Plaintiff. Any and

all requests to investigate Plaintiffs' dispute sent from the CRA Defendants as part of their reinvestigation was submitted to Nationstar's headquarters and investigated by the furnisher Nationstar using Nationstar's resources located at or closely connected to this judicial district. Nationstar managed Plaintiffs' mortgage from this judicial district including communicating amounts owed and conducting numerous communications via phone and letter.

## IV.  FACTUAL ALLEGATIONS

9.      In or around March 2019, Nationstar acquired Plaintiff's mortgage loan for his property located at 7448 Lamplighter Close Drive, Matthews, Mecklenburg County, North Carolina 28105 and assigned loan number 065882**** ("Nationstar mortgage account").

10.      Plaintiff filed for a Chapter 7 bankruptcy in December 2019 and he was discharged in March 2020. (See Exhibit "A", Plaintiff's Chapter 7 Case Summary, See Exhibit "B", Plaintiff's Chapter 7 Petition, and See Exhibit "C", Plaintiff's Chapter 7 Discharge Order).

11.      After discharge, Plaintiff continued to make payments to the Nationstar mortgage account until the loan was paid in full in or around November 2020. (See Exhibit "D", Plaintiff's Payment History to the Nationstar mortgage account).

12.      Sometime in December 2020, Plaintiff obtained his three-credit bureau tri-merge credit report. (See Exhibit "E", Plaintiff's tri-merge credit report).

13.      Within the Equifax credit report, Plaintiff noticed that it reported the Nationstar mortgage account with a monthly payment amount due of $1,359 and that the last payment was made in October 2019.

14.      On or about March 30, 2021, Plaintiff sent a direct dispute to Equifax and requested

that the CRA Defendant investigate the reporting of the Nationstar mortgage account. Plaintiff requested that under the FCRA, the CRA Defendant conduct a reasonable investigation and/or remedy the inaccuracies on Plaintiff's credit report concerning the Nationstar mortgage account. (See Exhibit "F", Plaintiff's unsigned dispute letter to Equifax).

15.     Equifax received Plaintiff's dispute letter on April 2, 2021. (See Exhibit "G", Certified Mail Receipt and Proof of Delivery for Tracking No. 70203160000115155560).

16.     Plaintiff obtained an April 28, 2021 letter from Nationstar acknowledging that they received an inquiry from Equifax on 4/10/2021, they responded to Equifax on 4/27/2021, and that Equifax would provide [Plaintiff] with a final resolution regarding this inquiry. (See Exhibit "H", Nationstar's Letter to Plaintiff Acknowledging Equifax's Inquiry).

17.     Upon information and belief, Equifax failed to respond to Plaintiff in violation of the FCRA.

18.     On May 24, 2021, Plaintiff obtained another three-credit bureau tri-merge credit report. (See Exhibit "I", Plaintiff's May 2021 tri-merge credit report)

19.     Within the Equifax credit report, Plaintiff noticed that the Nationstar mortgage account tradeline was now missing, presumably deleted, rather than updated with December 2019 as a closed date and no monthly payment owed.

20.     Equifax's response, or lack thereof, was not the result of a reasonable investigation into Plaintiff's dispute and failed to remedy the inaccuracies within the Nationstar tradeline and gave no explanation as to why the Nationstar tradeline was deleted rather than updated.

21.     Equifax chose to "verify" false information from an unreliable source, failed to correct the inaccurate information, and continued to publish the inaccurate information regarding

Plaintiff's Nationstar account.

22.    Upon the Plaintiff's request to Equifax for verification and addition regarding the Nationstar mortgage account, and in accordance with Equifax's standard procedures, Equifax did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any reasonable attempt to substantially or reasonably verify the Nationstar tradeline.

23.    In the alternative to the allegation that Equifax did not make any reasonable attempt to substantially or reasonably verify the Nationstar tradeline, it is alleged that Equifax did forward some notice of the dispute to Nationstar, and Nationstar failed to conduct a lawful investigation.

## V.  GROUNDS FOR RELIEF

### COUNT I – EQUIFAX'S VIOLATION OF THE FCRA
### (15 U.S.C. § 1681e(b))

24.    The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

25.    Equifax violated 15 U.S.C. § 168le(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiff.

26.    The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible **accuracy** of the information concerning the individual about whom the report relates." 15 U.S.C. § 168le(b) (emphasis added).

27.    Equifax knew or should have known that Plaintiff's account status and payment history were inaccurate, but Equifax continued to prepare a patently false consumer report

concerning Plaintiff.

28.     Despite actual and implied knowledge that Plaintiff's credit report was and is not accurate, Equifax readily provided false reports to one or more third parties, thereby misrepresenting Plaintiff, and ultimately Plaintiff's creditworthiness.

29.     After Equifax knew or should have known Plaintiff's account status and payment history were inaccurate, it failed to make the corrections. Further, the proof submitted with Plaintiff's dispute should have prompted Equifax to modify and not delete the Nationstar tradeline. Additionally, Plaintiff did not request for Equifax to delete the tradeline.

30.     As a result of Equifax's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, denial in attempts to refinance, loss in ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

31.     Equifax's conduct, action, and inaction, were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 168ln. In the alternative, such conduct, action, and inaction, were negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

32.     The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

### COUNT II – EQUIFAX'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681i)

33.     The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

34.     Equifax violated 1681i by failing to update inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies, failing to conduct a lawful

reinvestigation, failing to forward all relevant information to furnisher(s), failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and relying upon verification from a source it has reason to know is unreliable.

35.      As a result of Equifax's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, denial in attempts to refinance, loss in ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

36.      Equifax's conduct, action, and inaction, were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, such conduct, action, and inaction were negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

37.      The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## COUNT III – NATIONSTAR'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681s-2(b))

38.      Defendant Nationstar violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's dispute(s) from one or more consumer reporting agencies, and/or failing to appropriately report the results of their investigations, and/or failing to appropriately modify the information.

39.      Nationstar further violated 15 U.S.C. § 1681s-2(b) by continuing to report the Nationstar representation within Plaintiff's credit file with the CRA Defendants without also

including a notation that this debt was disputed, failing to fully and properly investigate the Plaintiff's dispute of the Nationstar representation, failing to accurately respond to the CRA Defendants, failing to correctly report results of an accurate investigation to every other consumer reporting agency, and failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Nationstar representations to the consumer reporting agencies.

40.    As a result of Nationstar's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, denial in his attempt to refinance, loss in his ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

41.    Nationstar's conduct, action, and inaction, were willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

## VI.  VICARIOUS LIABILITY/RESPONDEAT SUPERIOR

42.    Plaintiff will be able to show, after reasonable discovery, that all actions at issue were taken by employees, agents, servants, or representatives, of any type, for Defendants, the principals, within the line and scope of such individuals' (or entities') express or implied authority, through employment, agency, or representation, which imputes liability to Defendants for all such actions under the doctrine of respondeat superior and/or vicarious liability.

## VII. DAMAGES

43.     Plaintiff respectfully requests that this Honorable Court instruct the jury, as the trier of facts, that in addition to actual or compensatory damages, punitive or exemplary damages may be awarded against the Defendants under the provisions of the FCRA and/or states' laws, including Texas.

44.     Plaintiff respectfully requests that this Honorable Court award Plaintiff his litigation expenses and other costs of litigation and reasonable attorney's fees incurred in this litigation, in accordance with the provisions of the FCRA and/or other laws.

45.     The above and foregoing actions, inactions, and fault of Defendants, as to each and every claim, have proximately caused a wide variety of damages to Plaintiff.

46.     Defendants performed perfunctory and essentially useless reinvestigations resulting in the verification of false reportings about the Plaintiff and have been a substantial factor in causing credit denials and other damages.

47.     Plaintiff suffered a variety of damages, including economic and non-economic damages as prayed for herein.

48.     Defendants have negligently and/or willfully violated various provisions of the FCRA and are thereby liable unto Plaintiff.

49.     Defendants are liable unto Plaintiff for all actual, statutory, exemplary and punitive damages awarded in this case, as well as other demands and claims asserted herein including, but not limited to, out-of-pocket expenses, denial in his attempt to refinance his mortgage, credit denials, costs and time of repairing his credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear

of personal and financial safety and security, attorney's fees, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

**WHEREFORE PREMESIS CONSIDERED**, Plaintiff, Giacomo Laudicina, prays that this Honorable Court:

      A.    Enter Judgment in favor of Plaintiff and against Defendants Equifax Information Services LLC and Nationstar Mortgage LLC, jointly, severally, and in solido, for all reasonable damages sustained by Plaintiff, including, but not limited to, actual damages, compensatory damages, out-of-pocket expenses, credit denials, costs and time of repairing his credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, and fear of personal and financial safety and security for Defendants' violations of the FCRA, applicable state law, and common law;

      B.    Find that the appropriate circumstances exist for an award of punitive damages to Plaintiff;

      C.    Award Plaintiff pre-judgment and post-judgment interest, as allowed by law;

      D.    Order that the CRA Defendants, Equifax Information Services LLC, and Furnisher Defendant, Nationstar Mortgage LLC, work in conjunction, cooperatively, and/or individually to reinvestigate and correct the consumer report(s), credit report(s), data emanations, consumer histories, and credit histories of and concerning Plaintiff and/or any of Plaintiff's personal identifiers.

      E.    Grant such other and further relief, in law or equity, to which Plaintiff might show he

is justly entitled.

Date Filed: 07/16/2021

                                   Respectfully submitted,

                                   */s/ Matthew P. Forsberg*
                                   Matthew P. Forsberg
                                   TX State Bar Number 24082581
                                   FCRA-TX@fieldslaw.com
                                   FIELDS LAW FIRM
                                   9999 Wayzata Blvd.
                                   Minnetonka, Minnesota 55305
                                   (612) 383-1868 (telephone)
                                   (612) 370-4256 (fax)

                                   **LAW OFFICE OF JONATHAN A. HEEPS**

                                   /s/ *Jonathan A. Heeps* .
                                   Jonathan A. Heeps
                                   State Bar No. 24074387
                                   LAW OFFICE OF JONATHAN A. HEEPS
                                   Post Office Box 174372
                                   Arlington, Texas 76003
                                   Telephone (682) 738-6415
                                   Fax (844) 738-6416
                                   jaheeps@heepslaw.com

                                   COUNSEL FOR PLAINTIFF

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

07/16/2021                                        */s/ Matthew P. Forsberg*
Date                                              Matthew P. Forsberg